By the Court,

Nelson, C. J.
There are some sections in the Revised Statutes which it is impossible to reconcile with the general system prescribed in respect to the settlement of estates of deceased persons. The system itself does not seem to have been fully comprehended by its authors. A pro rata distribution among the creditors of a class, in case of deficit in the assets, is a fundamental principle, for the enforcement of which abundant provision has been made. The whole fund is brought under the control of the surrogate, and not a dollar can be touched without his assent. Executors and administrators are but trustees to settle the estate under his direction and control, agreeably to the principles of the statute. Nothing is gained by obtaining a judgment against them beyond the liquidation of the debt. The creditor gets no costs, except at the discretion of the court, and only *his pro rata share on the judgment. The re- [ *416 ] suit is the same, whether the suit be defended or not. 18 Wendell, 666 ; 12 Id. 542; 17 Id. 559.
The plea of plene administravit, therefore, seems altogether inappropriate *318 and useless. It has already been held, in the case last above cited, that the plea of plena administravit prceter is no longer a bar, notwithstanding § 31 2 R. S. 29, which imports the contrary; and I think we are bound to say the one in question is not a bar, though the 39th section seems to indicate otherwise. That and the next section pre-supposes that the creditor may subject the executor, where he had paid debts of an inferior degree in certain eases ; but it is apparent, from other provisions, as well as the general scope of the statute, no such liability can arise by force of the judgment; it may, by force of the order of the surrogate, on a settlement of the accounts, pp. 32, 35. There he will be held to account in conformity with the rules prescribed by the statute, according to the priority and equality of the respective classes, p. 28, § 27—30, unless the creditor has forfeited his right by laches, p. 30, § 38, 39.
The act is positive, that no execution shall issue until an account and settlement takes place, or on the order of the surrogate; and then only for the plaintiffs’ proportion of the assets thus ascertained. 2 R. S. 29, § 32, p. 52, § 18, 23. 12 Wendell. 512. However absolute may be the judgment 1 do not see how it can control this officer in marshalling assets, or settling the estate ; and the litigation in a suit at law of any questions that may be involved in that duty seems worse than idle. 17 Wendell, 561.
It is perfectly well settled, that if the defendant seeks to avail himself of the condition of a bond after oyer given he must set it forth in his plea, otherwise it is no part of the record. Gould’s Pl. 439. 1 Saund. Pl. & Ev. 9. n. 1. 1 Tidd, 531. The counsel mistakes the effect of the case in 2 Strange, 1241, which holds the defendant is not bound to insert the oyer in his plea; the meaning is, he need not use it, though he has prayed for and obtained it. The very point has recently been decided before us.
Judgment for the plaintiff.